UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ALBERT HENRY CORLISS,<br>        Plaintiff<br><br>v.<br><br>CITY OF FALL RIVER and<br>DOES 1-10,<br>        Defendants | C.A. # 05-11406 DPW |

MEMORANDUM OF LAW
IN SUPPORT OF
THE MOTION OF THE DEFENDANT,
CITY OF FALL RIVER,
TO DISMISS FOR FAILURE TO STATE A CLAIM

Introduction

The plaintiff, Albert Henry Corliss, has filed a complaint in which he alleges that his motor vehicle, a 1988 Nissan pick-up truck, was improperly towed from an Indian reservation on the instructions of the Fall River Police Department. Complaint, para. 1. Mr. Corliss claims this action was intended to disrupt meetings on the reservation held by the Nemasket Troy Indian Tribe, of which he was Council Chairman. Complaint, para. 1. He brings his action under the Civil Rights Act, 42 U.S.C. sec. 1983 and the First Amendment's provision protecting the right to peaceful assembly[1]. Complaint, para. 5 and 6. He seeks special damages of $ 1,650.00 and general damages of $ 10,000,000.00. Complaint, Ad Damnum.

---

[1] Mr. Corliss brought an action in this Court in 2004 for the same towing incident. C.A. #04-10834-DPW. That action did not allege a federal cause of action. The court dismissed that complaint under Fed.R.Civ.P. 12(b)(1) for lack of subject matter jurisdiction. Presumably, the invocation of the federal Civil Rights Act and the First Amendment in the new action is designed to cure that defect.

The defendant, the City of Fall River, moves to dismiss the complaint under Fed.R.Civ.P. 12(b)(6) on grounds that the action is barred by the applicable statute of limitations.

### Argument

When considering a motion under Fed.R.Civ.P. 12(b)(6) a court,

> "must accept as true the well-pleaded factual allegations of the complaint, draw all inferences therefrom in the plaintiff's favor, and determine whether the complaint, so read, limns facts sufficient to justify recovery on any cognizable theory. ... In arriving at this determination (the court) differentiate(s) between well-pleaded facts, on the one hand, and bald assertions, unsupportable conclusions, periphrastic circumlocution, and the like, on the other hand; the former must be credited, but the latter can safely be ignored."
>
> *LaChapelle v. Berkshire Life Insurance Co.,* 142 F.3d 507, 508 (1st Cir. 1998) (Citations and internal quotations omitted.)

Despite this generous standard, actions barred by the applicable statute of limitations must be dismissed under Fed.R.Civ.P. 12(b)(6). "Granting a motion to dismiss based on a limitations defense is entirely appropriate when the pleader's allegations leave no doubt that an asserted claim is time-barred." *Id* at 509. See also, *Jorge v. Rumsfeld,* 404 F.3d. 556, 561 (1st Cir. 2005.)

The statute of limitations applicable here is G.L. c. 260, sec. 2A. *Street v. Vose,* 936 F.2d 38 (1st Cir. 1991.) (Massachusetts general personal injury statute of limitations applies to Section 1983 claims.) That statute provides that "actions of tort, actions of contract to recover for personal injuries, and actions of replevin, shall be commenced only within three years next after the cause of action accrues." "The accrual period for a Section 1983 action begins when the plaintiff knows or has reason to know of the injury

which is the basis of the action." *Id.* at 936 F.2d 40 quoting *Torres v. Superintendent of Police,* 893 F.2d 404, 407 (1st Cir. 1990).

Paragraph 1 of the complaint states that the plaintiff's pick up truck was towed, at the direction of the police, "on or about May 5, 2001 ...." The Police Department's tow form, which is attached to the complaint as Exhibit M, shows that the actual date was May 3, 2001. (Nothing turns on the two day difference.) Further, the complaint states clearly that the plaintiff learned that his vehicle had been towed when he received a written notice, dated June 30, 2001, from the towing company:

> "Soon thereafter car disappears and no contact is made. The first news the plaintiff has of the missing vehicle comes via certified letter from a towing company, Levesque Auto Services a now defunct towing service. (See: Exhibit – two "Notice(s) to Owner" – First dated June 30, 2001 – 2 pages)"

Complaint, para. 17.

The written notice from the towing company states that the vehicle was towed at the direction of the Fall River Police Department. Complaint, Exhibit K. On December 26, 2001 the plaintiff wrote to the towing company asserting that the vehicle was wrongfully towed. Complaint, para. 18 and Exhibit L.

It is therefore clear from the complaint that any action the plaintiff may have had under Section 1983 for the towing of his pick up truck accrued --- at the very latest --- in December, 2001. To be timely, any such action must have been filed no later than December, 2004. The present action was filed on July 5, 2005. It is therefore time-barred.

Massachusetts has another statute which allows a plaintiff whose action is dismissed for "any matter of form" to commence "a new action for the same cause"

within one year of the dismissal of the first action. Mass. Gen. Laws c. 260, sec. 32. That statute does not save the present action. Although based on the same facts, the new action is not for "the same cause" as the first action. The first complaint alleged causes of action over which this court had no subject matter jurisdiction. That complaint did not allege the Section 1983 claim the plaintiff presents in his new complaint. Compare, *Rodi v. Southern New England School of Law,* 389 F.3d 5, 18 (1st Cir. 2004) (Statute was applicable because the two cases "involve the same parties, the same events, the same nucleus of operative facts, *and the same causes of action.*" Emphasis supplied.)

### Conclusion

The plaintiff's claim is barred by the applicable statute of limitations. The complaint should be dismissed for failure to state a claim upon which relief may be granted. Fed.R.Civ.P. 12(b)(6).

        City of Fall River
        By its attorney,

        /s/ Thomas F. McGuire, Jr.
        Thomas F. McGuire, Jr.
        B.B.O. #335170
        Corporation Counsel
        Law Department
        One Government Center
        Fall River, MA  02722
        Tel. (508) 324-2650
        Fax (508) 324-2655

## Certificate of Service

I hereby certify that I have served the attached document on the plaintiff by mailing a copy thereof to:

>Albert Henry Corliss
>1514 Beacon Street, Suite 43
>Brookline, MA  02446

Signed under the penalties of perjury this 1st day of August, 2005.

_____
Thomas F. McGuire, Jr.