UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

ALBERT HENRY CORLISS,
    Plaintiff,

v.                         C.A. #05-11406 DPW

CITY OF FALL RIVER and
DOES 1-10,
    Defendants

MEMORANDUM OF LAW
BY PLAINTIFF, ALBERT HENRY CORLISS,
IN OPPOSITION OF MOTION OF DEFENDANT,
CITY OF FALL RIVER
TO DISMISS FOR FAILURE TO STATE A CLAIM

Introduction

The plaintiff, alleges that on or about May 3, 2001, the Fall River Police Department ordered a local towing company, now defunct, to tow his motor vehicle from the Watuppa Indian Reservation located at 275 Indiantown Road, Fall River. This action was in continuance of a custom, policy and practice employed by the City of Fall River since 1907. It was intended to send a chilling message to the Nemasket Troy Indian tribe who held monthly meetings on the reservation (Plaintiff is Council Chairman) that the City of Fall River has control over the reservation. Plaintiff seeks assembly freedom and return of his goods (as he did in a previous case filed this court C.A. #04-10834-DPW) as special damages ($1,650.00) and general damages ($10,000,000.00) reflecting the deprivation of the reservation and the opportunities it would have afforded the Indian during the ninety plus years the City of Fall River has administered spurious control.

## Argument

### Massachusetts Saving Statute

Because plaintiff concedes that the "usual" three year time period under Massachusetts law to file Section 1983 claims has passed we move along to the "saving statute", Mass. Gen. laws c. 260, sec 32, which provides in part "If an action is duly commenced within the limitations period and then dismissed for 'any matter of form', the plaintiff is entitled to 'commence a new action for the same cause within one year after the dismissal." Rodi v. Southern New England School of Law, 389 F.3d 5, 18 (1st Cir. 2004)

### Why have a "saving" statute?

The reasoning seems to be basic fairness. "The Supreme Court declared long ago that 'the purpose of pleading is to facilitate a proper decision on the merits'" Conley v. Gibson, 355 U.S. 41, 48, 2 L.Ed. 2d 80, 78 S. Ct. 99 (1957) "The view that the pleading of cases is a game in which every miscue should be fatal is antithetic to the spirit of the federal rules."

It has a long history in Massachusetts law. "Where [a] plaintiff has been defeated by some matter not affecting the merits, some defect or informality, which he can remedy or avoid by a new process, 'the statute of limitations' shall not prevent him from doing so," Coffin v. Cottle, 33 Mass (16 Pick.) 383, 386, 1835 Mass. Lexis 19 (1835)

"Pleading are construed to do 'substantial justice.'" [Mass. R. Civ. P. 8(e) and (f)]

and "federal rules are designated to achieve, inter alia, the 'just' resolution of disputes." [F.R.Civ.P 1]

"In ruling on motions to dismiss under rule 12(b) (6), Massachusetts courts have adopted the same, liberal notice pleading standard as the federal courts - that a complaint should not be dismissed "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Spence v. Boston Edison, 390 Mass. 604 (1983) quoting from Conley v. Gibson, 355 U.S. 41 (1957) supra.

Time constraints under "saving" statute

Plaintiff filed the first case (C.A. #04- 0834-DPW) under these facts on April 27, 2004, it was dismissed by Judge Woodlock on October 13, 2004. Therefore under Mass. Gen. Laws c.260, sec. 32 plaintiff would have until October 13, 2005 (one year) to file and be "saved". Plaintiff filed the 2nd case, C.A. #05-11406 DPW) on July 5, 2005.

Issue: Does the "saving" statute apply to our case?

It can apply to cases dismissed for "any matter of form" in federal courts. "The saving statute applies, inter alia, to an action originally filed and dismissed in a court of another state or in a federal court." See: Boutiette v. Dickerson, 54 Mass. App. Ct. 817, 768 N. E. 2d 562, 563-4 (Mass. App. Ct. 2002); Liberace v. Conway, 31 Mass. App. Ct. 40, 574 N.E. 2d 1010, 1012 (Mass. App. Ct. 1991)

Using Rodi v. Southern New England School of Law, supra, defendant draws the

-3-

battle lines. (Statute was applicable because the two cases "involve the same parties, the same events, the same nucleus operative facts, (Emphasis added) *and the same causes of action.*"

The defendant alleges "That the statute does not save the present action. Although based on the same facts, the new action is not for "the same cause" as the first action. The first complaint alleged causes of action over which this court had no subject matter jurisdiction. That complaint did not allege the Section 1983 claim plaintiff presents in his new complaint.

This is a very narrow interpretation of the statute and incorrect because it fails to address two key features of the statute, "any matter of form" and "same cause" while it also misses the thrust and spirit of the statute and Coffin v. Cottle, supra, and ignores the structure of a 1983 case.

Mass. Gen. Laws Chapter 260, Section 32

> "If an action duly commenced within the time limited in this
> chapter is dismissed for insufficient service of process by
> reason of an unavoidable accident or of a default or neglect
> of the officer to whom such process is committed or is dismissed
> because of the death of a party or for any matter of form, or if,
> judgment for the plaintiff, the judgment of any court is vacated
> or reversed, the plaintiff or any person claiming under him may
> commence a new action for the same cause within one year after
> the dismissal or other determination of the original action, of
> after the reversal of the judgment; and if the cause of action by
> law survives the executor or administrator or heir or devisee of
> the plaintiff may commence such new action within said year.

-4-

**"any matter of form"**

"[A] touchstone for what constitutes dismissal for reasons of matter of form is whether, within the original statute of limitations period, the defendant had actual notice that a court action had been initiated." <u>Liberace v. Conway</u>, 31 Mass App. Ct. 40, 41, supra. We see no problem here as defendant had ample notice of the first lawsuit.

"We have no doubt that, for purposes of this saving statute, dismissal for want of personal jurisdiction are appropriately classified as dismissal arising out of matter of form." <u>Ciampa v. Beverly Airport Comm'n</u>, 38 Mass.App. Ct. 974, 650 N.E. 2d 816, 817 (Mass. App. Ct. 1995) and <u>Rodi</u>, 255 F. Supp. 2d at 351, [Rodi One] "Was dismissed not on the merits, but, rather for want of personal jurisdiction over named defendants."

Therefore, it appears clear, a dismissal for subject matter jurisdiction would also be classified as a matter of form. An easier determination because in our case plaintiff had to deal with specific "limited jurisdiction" requirements of the federal court such as "diversity of citizenship", specific federal statutes guidelines and jurisdictional amounts.

**"for the same cause"**

The defendant mistakenly maintains the "new" suit, in order to be saved by the statute must have the exact "cause of action" as the original suit. While the statute states plaintiff may commence a new action "for the same cause." This becomes determinative in our case. The first complaint was for conversion of plaintiff's motor vehicle from an Indian Reservation and because it was pled in such a way it did not meet federal

jurisdictional requirements. The present case is on the same events, the same parties1, and the same nucleus of operative facts. It is simply pled differently.

(Court's comments) [Two actions] "Are sisters under the same skin; they involve the same parties, the same events, the same nucleus of operative facts, and the same cause of action." Rodi v. Southern New England School of Law, 389 F. 3d 5, 18 supra. This was true of the Rodi case but is the exact same cause of action demanded by the "saving" statute?

We know the statute only demands "a new action for the same cause" and by analogy "A dismissal for lack of personal jurisdiction is the paradigmatic example of a decision not on the merits that can be cured by new process in a different court." See Teva Pharms., USA, Inc. v. United States FDA, 337 U.S. App. D.C. 204, 182 F. 3d 1003, 1008 (D.C. Cir. 1999)

Our cases, too, are sisters under the skin, they involve the same parties, the same events and the same nucleus of operative facts even the 1983 cause of action flows from the conversion (towing). It is simply cured in the same court by a new process... plaintiff pleading a federal statute violation. It will stand or fall or its merits and that is the spirit of Coffin, supra and the trust of the "saving" statute. If the Massachusetts legislature had wanted "same cause" to mean "same cause of action" they would have stated so. And Section 1983 practice allows "borrowing" of state statues to implement.

---

1 The actual tower, Levesque Auto Services, Inc. in the C.A. #04-10834-DPW never returned Summons Waiver and complaint was returned to plaintiff with address "Not deliverable and unable to forward" noted. Their phone is disconnected. It is presumed they are defunct.

<u>Nature of a 1983 Complaint</u>

42 USC subsection 1983 is not "a general font of trot law" <u>Paul v. Davis</u>, 424 U.S. 693 (1976) In other words the tort (derived from state law) engenders the 1983 case not vice-versa. In our case the towing and conversion of plaintiff's vehicle presents a violation of state tort law. It is plaintiff's burden to prove this behavior on the part of the defendant is institutionalized for Sec 1983 to apply. Therein lies in the merits of the case. "But for" the towing there would be no Sec 1983 complaint. The "cause" is the same in plaintiff's conversion and Sec 1983 cases... the towing of plaintiff vehicle.

Conclusion

The Massachusetts "saving" statute does not grant the plaintiff a new bite of the apple it simply allows the fruit to be served afresh. It must be for any "matter of form" defect and for the "same cause", now rectified, in federal or state court, and the new case must be filed within one year of the first case being dismissed. The defendant must have known of the first case. That's our case in a nutshell. (From fruit to nuts.) The statute of limitations is tolled by the "saving" statute and accordingly Fed.R.Civ.P. 12(b)(6) would not apply.

Respectfully submitted,

_____
Albert H. Corliss
Plaintiff- Pro Se
1514 Beacon Street, Suite 43
Brookline, MA 02446
(617) 731-1309