UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

ALBERT HENRY CORLISS,           )
        Plaintiff,              )
                                )       CIVIL ACTION NO.
            v.                  )       05-11406-DPW
                                )
CITY OF FALL RIVER and          )
DOES 1-10,                      )
        Defendants.             )

MEMORANDUM AND ORDER
November 1, 2005

The Plaintiff has returned to this Court with a new federal
civil rights theory nine months after I dismissed his first law
suit, which involved a state law conversion claim against the
same Defendants based upon the same set of underlying facts, for
lack of subject matter jurisdiction.  In the nine-month period
between the dismissal of his first suit and the commencement of
his second, the applicable three-year statute of limitations as
to both his conversion and his civil rights claims ran out.  As a
consequence, the Plaintiff seeks refuge in the Massachusetts one-
year renewal statute and argues that, having returned to the
court before the protection of the renewal statute lapsed, he can
benefit from an extended statute of limitations.  The Defendants
have moved to dismiss.  I find that while the Massachusetts
renewal statute can, as a general proposition, function to extend
the statute of limitations for § 1983 actions, it may not do so
here because the new federal civil rights theory does not present

a "new action for the same cause" as the original conversion
claim I dismissed.

## I. BACKGROUND

Pro se Plaintiff, Albert Henry Corliss, alleges that on or
about May 3, 2001 a towing company improperly towed his 1988
Nissan pick-up truck from the Watuppa Indian Reservation in Fall
River on the instructions of the Fall River Police Department.
Mr. Corliss first learned that his vehicle had been towed, as
opposed to stolen, when he received a written notice dated June
30, 2001 from the towing company.  The written notice stated that
the vehicle was towed at the request of the Fall River Police
Department.  It is unclear precisely when Mr. Corliss received
this letter, but it was certainly before December 26, 2001
because on that date he composed a letter to the towing company
referencing the June 30, 2001 notice.

Mr. Corliss filed his first suit based on these facts on
April 27, 2004.  See Corliss v. Levesque Auto Services, Inc.,
No. 04-cv-10834-DPW.  The Plaintiff sought relief against the
towing company (Levesque Auto Services, Inc.), the Fall River
Police Department, and Does 1-10 under Mass. Gen. Laws ch. 266, §
120D for conversion.  Mr. Corliss identified the damages as equal
to the fair market value of his truck ($1500) at the time of the
conversion and any other costs that the Court may deem
appropriate.  In a Memorandum and Order issued October 13, 2005,
I found neither diversity nor federal question jurisdiction over

-2-

that essentially state law dispute and accordingly granted the
Fall River Police Department's motion to dismiss the action in
its entirety pursuant to Fed. R. Civ. P. 12(b)(1).

On July 5, 2005, the Plaintiff filed the present lawsuit in
this Court against the City of Fall River (the "City") and Does
1-10, but not against Levesque Towing, seeking relief under 42
U.S.C. § 1983 for what he now styles as a violation of his First
Amendment right to peaceably assemble based on the towing
incident.  He does not attempt to renew the conversion claim.
The Plaintiff is seeking recovery of his goods, damages and an
end to what he calls the institutionalized behavior by the City
which he claims has effectively deprived the Nemasket Troy Indian
Tribe of the peaceful enjoyment of their deeded reservation.  The
City has moved for dismissal pursuant to Fed. R. Civ. P. 12(b)(6)
for failure to state a claim, arguing that the applicable statute
of limitations has run.

## II. DISCUSSION

A.    **Standard of Review Under 12(b)(6)**

Under Fed. R. Civ. P. 12(b)(6), a court may only dismiss a
complaint "if it is clear that no relief could be granted under
any set of facts that could be proved consistent with the
allegations." Lalonde v. Textron, Inc., 369 F.3d 1, 6 (1st Cir.
2004)(citing Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514
(2002)).  Where the motion for dismissal is premised on the
running of the applicable limitations period, the pleader's

-3-

allegations must leave "no doubt that [the] asserted claim is time-barred." Jorge v. Rumsfel, 404 F.3d 556, 561 (1st Cir. 2005) (citing LaChapelle v. Bershire Life Ins. Co., 142 F.3d 507, 509 (1st Cir. 1998)).

I recognize that I must hold a pro se plaintiff's allegations "to less stringent standards that formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972). "Nonetheless, pro se plaintiffs must comply with the applicable procedural and substantive rules of law, and dismissal remains appropriate when the court lacks jurisdiction over the claims or the parties and when the complaint fails to even suggest an actionable claim." Overton v. Torruela, 183 F.Supp.2d 295, 303 (D.Mass. 2001). See also Lefebvre v. Commissioner of Internal Revenue Service, 830 F.2d 417, 419 (1st Cir. 1987).

**B.   The Basic Statute of Limitations**

The statute of limitations applicable to an action for conversion under Massachusetts law is Mass. Gen. Laws ch. 260, § 2A, which provides that: "Except as otherwise provided, actions of tort, actions of contract to recover for personal injuries, and actions of replevin shall be commenced only within three years next after the cause of action accrues." See Stark v. Advanced Magnetics, Inc., 50 Mass.App.Ct. 226, 232 (2000) (holding that actions for conversion must be bought within the three years provided by Mass. Gen. Laws ch. 260, § 2A). The same

-4-

provision applies to this § 1983 action because "[t]he Supreme
Court directs federal courts adjudicating civil rights claims
under 42 U.S.C. § 1983 to borrow the statute of limitations
applicable to personal injury actions under the law of the forum
state.  Where a state has more than one statute of limitations
that applies to personal injury actions, a federal court should
borrow the state's general or residual personal injury statute of
limitations. In Massachusetts, that statute is Mass. Gen. Laws
ch. 260, § 2A[.]" <u>Street v. Vose</u>, 936 F.2d 38, 39 (1st Cir.
2001)(internal citations omitted).

    As a matter of state law, Mr. Corliss' tort claim accrued at
the time he was injured.  <u>Dinsky v. Town of Framingham</u>, 386 Mass.
801, 803 (1982).  Since Mr. Corliss filed his first suit on April
27, 2004, chronologically less than three years after the towing
and <u>a fortiori</u> less than three years after he acknowledged
receiving notice of the towing, Mr. Corliss' first action was
plainly filed within the statute of limitations period.[1]

    By contrast, Mr. Corliss' § 1983 action, considered
separately, was not filed within the appropriate statute of

---

    [1] "[W]hen a cause of action in either contract or tort is
based on an inherently unknowable wrong, it accrues when the
injured person knows or in the exercise of reasonable diligence
should know of the facts giving rise to the cause of action."
<u>Dinsky v. Town of Framingham</u>, 386 Mass. 801, 803 (1982).  I need
not decide whether the towing and the alleged conversion contrary
to Mass. Gen. Laws ch. 266, § 120D was an inherently unknowable
wrong because the question is not outcome determinative given the
relevant dates in this case.

limitations period after the civil rights claim accrued.  The question of when a § 1983 cause of action accrues is a matter of federal law.  Case law dictates that the accrual period begins in § 1983 actions "when the plaintiff knows or has reason to know of the injury which is the basis of the action."  Street, 936 F.2d at 40 (citing Torres v. Superintendent of Police, 893 F.2d 404, 407 (1st Cir. 1990)).  See also Nieves-Marquez v. Puerto Rico, 353 F.3d 108, 119-20 (1st Cir. 2003) (A claim accrues "when facts supportive of a civil rights action are or should be apparent to a reasonably prudent person similarly situated." (citation omitted)).  Here, the § 1983 cause of action accrued, at the latest, when Mr. Corliss received the written notice informing him that his vehicle had been towed at the request of the Fall River Police Department.  Since Mr. Corliss must have received the written notice before December 26, 2001, this action should have been filed by December 26, 2004, at the latest, to be timely according to Mass. Gen. Laws ch. 260, § 2A.  Because Mr. Corliss did not file the present suit until July 5, 2005, the only way this suit can survive the Defendants' motion is if the § 1983 action comes within the scope of the Massachusetts renewal statute.

## C.    The Renewal Statute

Mass. Gen. Laws ch. 260, § 32, the renewal statute provides:

> **If an action duly commenced within the time**
> **limited <u>in this chapter</u>** is dismissed for
> insufficient service of process by reason of an
> unavoidable accident or of a default or neglect of
> the officer to whom such process is committed or
> **is dismissed** because of the death of a party or
> **for any matter of form**, or if, after judgment for
> the plaintiff, the judgment of any court is
> vacated or reversed, **the plaintiff** or any person
> claiming under him **may commence a new action for**
> **the same cause within one year after the dismissal**
> or other determination of the original action, or
> after the reversal of the judgment; and if the
> cause of action by law survives the executor or
> administrator or the heir or devisee of the
> plaintiff may commence such new action within said
> year.

(emphasis supplied)

Mr. Corliss contends that the present suit is not time-barred because his original action was dismissed for a "matter of form" (lack of subject matter jurisdiction) and that the present action is a "new action for the same cause" filed within one year after my dismissal of the first action on October 13, 2004.

**1. <u>Does the Renewal Statute Apply?</u>** - If Mr. Corliss had brought a suit in state court against the same defendants for conversion after I dismissed his original federal suit, the state court would have been obligated to allow the action, at least with respect to timeliness, based on Mass. Gen. Laws ch. 260, § 32. See <u>e.g.</u> <u>Liberace v. Conway</u>, 31 Mass.App.Ct. 40, 42-43 (1991). Similarly, if Mr. Corliss had originally brought his § 1983 action based on a First Amendment violation and I had dismissed it last year on the basis of some matter of form and he was now

bringing the § 1983 action again having cured that defect, I would also be obligated to allow the action, at least with respect to timeliness, based on Mass. Gen. Laws ch. 260, § 32. See e.g. Hakala v. Deutsche Bank AG, 343 F.3d 111, 115-16 (2nd Cir. 2003).

This renewal result as to § 1983 actions follows from the reasoning the Supreme Court used identifying the statute of limitations for § 1983 action.  In reaching the conclusion that federal courts must apply the basic state statute of limitations to § 1983 claims, the Court held that not only is the length of the limitations period to be governed by state law, so too are closely related questions of tolling and application.  Wilson v. Garcia, 471 U.S. 261, 269 (1985).  "In virtually all statutes of limitations the chronological length of the limitation period is interrelated with provisions regarding tolling, revival and questions of application." Id. at 269, n. 17 citing Johnson v. Railway Express Agency Inc., 421 U.S. 454, 464 (1975).  See also Hardin v. Straub, 490 U.S. 536, 538 (1989)(finding that since the chronological length of the limitation period is interrelated with provisions regarding tolling, revival, and questions of application in virtually all statutes of limitations, courts "should not unravel state limitations rules unless their full application would defeat the goals of the federal statute at issue.").

Although research has discovered no reported cases in which

-8-

either federal or state courts have addressed the specific issue of whether this instruction means Mass. Gen. Laws ch. 260, § 32 applies to § 1983 actions, the Tenth Circuit applied the teaching of <u>Hardin v. Straub</u> to mean that the applicable Oklahoma state renewal/savings provision, which is "an integral part of a state's limitations and tolling rules", should apply to § 1983 actions. <u>Brown v. Hartshorne Public School District No. 1</u>, 926 F.2d 959, 962 (10th Cir. 1991).  The Seventh and Eighth Circuits have come to the same conclusion regarding the applicability of the Illinois and Arkansas renewal savings provisions to § 1983 actions.  <u>Beck v. Caterpillar Inc.</u>, 50 F.3d 405, 406 (7th Cir. 1995)(concluding that "it only makes sense to apply the state's tolling and savings provisions, for they are interrelated"); and <u>Miller v. Norris</u>, 247 F.3d 736, 739 (8th Cir. 2001) ("Because a plaintiff in a state action that is governed by the three-year time limitation in Ark.Code Ann. § 16-56-105(3) may claim the benefits provided by the saving statute, a plaintiff in a § 1983 action, which is governed by the same statute of limitations, also may do so.")  I conclude that the Massachusetts renewal/savings provision enacted in Mass. Gen. Laws ch. 260, § 32 applies to § 1983 actions brought in federal court because it is equally interrelated with the length of the applicable statute of limitations.

Here, however, the matter is more complex because Mr. Corliss originally brought a state claim on a conversion theory

-9-

that I dismissed and now he has brought a federal claim on a civil rights theory that borrows a state law limitation period. The only way that Mr. Corliss' present action can be saved is if the renewal statute applies the same limitation rules to his civil rights action as to his original action for conversion. Thus, this suit can only be saved if the original action was dismissed, as § 32 directs, for a "matter of form" and if the "new action" is "for the same cause". I now turn to those two questions.

2. __Was the Dismissal of the Previous Case for a Matter of Form?__
- In cases considering whether or not a case was dismissed for a "matter of form", Massachusetts courts have focused on the question of whether or not the dismissal concerned the merits. That is the essence of what is presupposed when addressing what it means to be "a matter of form." See generally, Liberace v. Conway, 31 Mass.App.Ct. 40, 44 (1991).

Case law has also framed the "matter of form" question as involving the distinguishable inquiry of whether the defendant had actual notice that a court action had been initiated against him within the original statute of limitations period.[2]  Id.

_____

[2] There is a suggestion in the case law that "renewal statute[s] [do] not apply where the original action which was dismissed for lack of jurisdiction was brought by plaintiff ... wilfully or with great negligence and not in good faith." See generally C.T. Drescsler, Annotation, Statute Permitting New Action After Failure of Original Action Commenced within Period of Limitation, 6 A.L.R.3d 1043, § 4[b] (2004).  See also Loomer

Here, I find that my original dismissal did not concern the substance of the question in controversy. Dismissing an action for want of subject matter jurisdiction because it is brought in the wrong court is plainly "a matter of form" within the meaning of Mass. Gen. Laws ch. 260, § 32. Rodi v. Southern New England School of Law, 389 F.3d 5, 18 (1st Cir. 2004) referencing Ciampa v. Beverly Airport Commission, 38 Mass.App.Ct. 974, 974-75 (1995). See, e.g., Loomer v. Dionne, 338 Mass. 348, 351-52 (1959)(plaintiff incorrectly brought the personal injury action in the Superior Court instead of the District Court); Boutiette v. Dickinson, 54 Mass.App.Ct. 817 (2002)(plaintiff brought an action in the District Court seeking equitable relief unavailable in that forum); Carroll v. City of Worcester, 42 Mass.App.Ct. 628 (1997)(plaintiff had brought an action in the District Court

_____

v. Dionne, 338 Mass. 348, 352 (1959)(finding that the first action was dismissed as a matter of form because (1) there was "no default or other neglect in the prosecution of the case", (2) the first action was not "intentionally brought in the wrong court," and (3) this was not "a case of such gross negligence, if there should be such a doctrine, as to preclude the plaintiffs from taking advantage of ch. 260 § 32") and Boutiette v. Dickinson, 54 Mass. App. Ct. 817, 819 (2002)(finding that "[t]here is no indication in the record that the plaintiff attempted for dilatory purposes to prolong limitations period by reliance on the statute"). Those factors have not been argued here, nor is it likely I would make the requisite findings of intentional bad faith in an action brought by a pro se litigant who offered several somewhat arguable justifications for federal jurisdiction in his opposition to the original motion to dismiss. Given that Mass. Gen. Laws ch. 260 § 32 is "a remedial statute to be given a liberal construction" in favor of the plaintiff, Hallisey v. Bearse, 2000 Mass. App. Div. 311, 2000 WL 1728139, *2 (2000) citing Coffin v. Cottle, 16 Pick. 383, 385-86 (1835), such a finding must be considered with great care.

instead of the Superior Court, which has exclusive jurisdiction
of tort actions brought against a public employer).

Moreover, I find that the only identified defendant in the
present suit, the City of Fall River, had actual notice of the
first suit and knew Mr. Corliss was resorting to the courts to
pursue a claim against the City for the towing incident.
Although Mr. Corliss named the Fall River Police Department in
his first suit, the City of Fall River's Corporation Counsel
filed the motion to dismiss and accompanying memorandum in that
action on behalf of the Police Department.  Plainly, the City had
awareness of Plaintiff's objections to the role of its entities
in the towing incident.  The City cannot obtain dismissal arguing
lack of notice of the original claim.

I will, however, dismiss this suit against Does 1-10 on this
ground.  Whoever they are, they were not served in the first
suit, so they were not put on notice that Plaintiff sought
redress from the towing incident.  Mass. Gen. Laws ch. 260, § 32
cannot save any renewed claims against these unnamed and
consequently unserved defendants.

3. **Does the Current Case Involve the Same Cause as the Previous
Case?** - In arguing that I should consider the present § 1983
action as the "same cause" as the conversion claim in the
original suit for the purpose of Mass. Gen. Laws ch. 260, § 32,
Mr. Corliss points to the fact that the statute uses the term

"same cause" not "same cause of action".  From this he appears to contend that "cause" as used in the statute has a broader meaning than "cause of action."  In this connection, he argues that being "sister" claims "under the skin" is sufficient under Mass. Gen. Laws ch. 260, § 32, relying upon <u>Rodi v. Southern New England School of Law</u>, 389 F.3d 5, 18 (1st Cir. 2004).  I observe, however, that <u>Rodi</u> found the original and subsequent lawsuits were "sisters under the skin" because "they involve[d] the same parties, the same events, the same nucleus of operative facts, and the same causes <u>of action</u>.")  <u>Id.</u> (emphasis supplied).  Mr. Corliss also invokes the purpose of the renewal statute, which he terms "basic fairness," observing that the Supreme Judicial Court wrote almost two centuries ago in describing an earlier version of the renewal provision that the provision was "a remedial statute to be given a liberal construction" in favor of the plaintiff.  <u>Coffin v. Cottle</u>, 16 Pick. 383, 385-86 (1835).

I cannot agree that the conversion action and the § 1983 actions fit the First Circuit's familial metaphor as "sisters under the skin".  Homely metaphors aside,[3] to accept Plaintiff's contention would require me to stretch the Massachusetts renewal

---

[3] The arresting sororal allusion, which gave rise to such rhetorical flourishes during the argument of the motion as references to the "DNA" of the legal theories, is appropriately subject to Cardozo's caution that "[m]etaphors in the law are to be narrowly watched, for starting as devices to liberate thought, they end often by enslaving it."  <u>Berkey v. Third Avenue Railway Co.</u>, 244 N.Y. 84, 94 (1926).

statute beyond its intended purpose of preserving the right to
renew what is essentially the same cause of action after curing
the procedural defect.  See Coffin, 16 Pick. at 385-86; Lawrence
v. Emma, 2002 WL 31424326, * 2 (Mass. App. Ct. 2002)("[U]nder
Mass. Gen. Laws ch. 260 § 32, if the defendants' motions to
dismiss for defects in the service of process had been allowed,
the plaintiff would have had the right to **recommence** the
action."(emphasis supplied)); Jameson v. Levoie, 3 Mass.L.Rptr.
597 (Mass. Super. 1995)(holding that Mass. Gen. Laws ch. 260 § 32
permits "**re-filing** within one year").  To do so would essentially
repudiate the purposes of statutes of limitation.  Burnett v. New
York Central Railroad Co., 380 U.S. 424, 428 (1965).  Burnett
explained that

> Statutes of limitations are primarily designed to
> assure fairness to defendants.  Such statutes promote
> justice by preventing surprises through the revival of
> claims that have been allowed to slumber until evidence
> has been lost, memories have faded, and witnesses have
> disappeared.  The theory is that even if one has a just
> claim it is unjust not to put the adversary on notice
> to defend within the period of limitation and that the
> right to be free of stale claims in time comes to
> prevail over the right to prosecute them.  Moreover,
> the courts ought to be relieved of the burden of trying
> stale claims when a plaintiff has slept on his rights.

Id. at 428 (1965) (internal citation and quotation omitted).  To
be sure, this "policy of repose, designed to protect defendants,"
may be outweighed "where the interests of justice require
vindication of the plaintiff's rights" in cases where the
plaintiff has not slept on those rights.  Id.  State renewal or

-14-

"savings statutes" are one of the "methods for preserving causes of action which would otherwise be barred by the passing of a limitation period" in cases where the plaintiff has simply filed a case that is dismissed for curable procedural reasons.  <u>Id.</u> at 431.

As a linguistic matter, I observe that while Mass. Gen. Laws ch. 260, § 32 states that a plaintiff "may commence a new action for the same <u>cause</u> within one year after the dismissal" -- as opposed to "may commence a new action for the same <u>cause of action</u> within one year after the dismissal" -- the relevant paragraph later states "and if the <u>cause of action</u> by law survives the executor or administrator or the heir or devisee of the plaintiff may commence such new action within said year." (emphasis supplied).  A common sense reading of Mass. Gen. Laws ch. 260, § 32 as a whole establishes that the Legislature intended the initial phrase "a new action" followed by "same cause" and then the phrase "original action" to refer to the term of art "cause of action."  Case law supports this interpretation. <u>See</u> <u>e.g.</u> <u>Hemric v. Reed and Prince Manufacturing Co.</u>, 739 F.2d 1, 3 (1st Cir. 1984), where the Court used the phrase "cause of action" and "cause" interchangeably.

Whether a subsequent suit is for the "same cause" as the original suit has been delineated somewhat in the case law. <u>Hemric</u> is one side of the line.  There, the Plaintiff argued that

while "his present cause of action--a tort claim for damages--is
not really the 'same cause' as a claim for compensation benefits,
... the Supreme Judicial Court of Massachusetts would interpret §
32 liberally and find that this claim comes within its terms."
Id.  The First Circuit rejected the argument concluding "[t]hough
we are sympathetic to the plaintiff's plight, we cannot find on
these facts that the plaintiff's action was saved by § 32" for
several reasons including the fact that the "plaintiff's present
cause of action is not the same as the one he pressed in North
Carolina."  Id.

     On the other side of the line are Boutiette v. Dickinson, 54
Mass. App. Ct. 817, 819 (2002) and Rodi where the Massachusetts
Appeals Court and the First Circuit, respectively, rejected the
defendants' arguments that the original and subsequent claims
were not for the same causes of action.  In Boutiette, 54 Mass.
App. Ct. at 819, the Court was "not persuaded by the defendant's
attempt to portray the Municipal District Court action as
different in kind from the District Court action, on the ground
that the former sought only enforcement of the Texas judgment
while the latter asserted the plaintiff's underlying claims. Both
actions sought enforcement of the plaintiff's rights in respect
of the same causes of action, and the plaintiff had no reason
prior to the dismissal of the Municipal Court action to assert
the underlying claims in the Massachusetts courts."

     Similarly, in Rodi, 389 F.3d at 18, as noted above, the

-16-

First Circuit concluded that an earlier New Jersey action for claims including fraudulent inducement, breach of fiduciary duties, and breach of contract, and the fraudulent misrepresentation claim in the subsequent Massachusetts action were "sisters under the skin" because "they involve the same parties, the same events, the same nucleus of operative facts, and the same causes of action."[4]

The circumstances of the present dispute plainly fall on the Hemric rather than the Rodi or Boutiette side of the line. It is true that as in Rodi Mr. Corliss' two suits "involve the same parties, the same events, [and] the same nucleus of operative facts", but they cannot be considered the "same causes of action" because they seek to redress different wrongs. In Mr. Corliss' first suit he sought damages equal to the fair market value of his truck at the time of the conversion and any other costs that the Court might have deemed appropriate for a simple conversion of property. In the present suit Mr. Corliss is seeking not only recovery of his goods and damages, but also the broad civil rights remedy of a court order to stop what he calls the institutionalized behavior on behalf of the City effectively

---

[4] I note that the plaintiff in Rodi also filed a new Mass. Gen. Laws ch. 93A claim in the Massachusetts action. Neither the parties nor the court considered whether the new ch. 93A claim could be considered as the "same cause" under Mass. Gen. Laws ch. 260, § 32 because the defendants did not challenge that the claim was filed within the four year statute of limitations for ch. 93A actions.

-17-

depriving the Nemasket Troy Indian Tribe of the peaceful enjoyment of their deeded reservation contrary to the First Amendment.  There are differences of substantial orders of magnitude between the tort of conversion and the First Amendment's right of assembly.  They are differences of kind not degree, as when a constitutional claim tracks a constitutional tort.[5]  I conclude that Mr. Corliss' contention that the towing amounts to an interference with his First Amendment right to peaceably assemble is not a new action for the same cause as an action for simple conversion and I must therefore grant the City of Fall River's motion to dismiss.

### III. CONCLUSION

For the reasons set forth more fully above, the City of Fall River's motion to dismiss is GRANTED.

/s/ Douglas P. Woodlock

_____
DOUGLAS P. WOODLOCK
UNITED STATES DISTRICT JUDGE

---

[5] I recognize that the Supreme Court has said that "[a]lmost every § 1983 claim can be favorably analogized to more than one of the ancient common-law forms of action." Wilson v. Garcia, 471 U.S. 261, 272-73 (1985).  In Wilson, the respondent alleged that he was injured by a New Mexico State Police officer who used excessive force to carry out an unlawful arrest.  His § 1983 Fourth Amendment was therefore the state action version of common law causes for false arrest and assault and battery.  Wilson v. Garcia, 471 U.S. 261, 273 (1985).  Reasoning by analogy cannot bridge the gap between the cause of action alleged by Mr. Corliss in his first case and that alleged in his second.